**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

In re Gander Mountain Company
Securities Litigation

Civil No. 05-183 (DWF/AJB)

**CLASS ACTION**

**MEMORANDUM**
**OPINION AND ORDER**

---

David J. Goldsmith, Esq., Ira A. Schochet, Esq., Labaton Sucharow & Rudoff LLP, Garrett D. Blanchfield, Jr., Esq., Brant D. Penney, Esq., Reinhardt Wendorf & Blanchfield, John K. Grant, Esq., Randall H. Steinmeyer, Esq., Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Thomas V. Seifert, Esq., and Vernon J. Vander Weide, Esq., Head Seifert & Vander Weide, Sean M. Handler, Esq., Eric Lechtzin, Esq., Tamara Skvirsky, Esq., Marc A. Topaz, Esq., Richard A. Maniskas, Esq., Robin Winchester, Esq., Schiffrin & Barroway, LLP, counsel for Plaintiffs Donald Mueller, Jerry Olson, Arlene Olson, Richard Krueger, and William Duebel, on behalf of themselves and all other similarly situated Plaintiffs.

Ahna M. Thoresen, Esq., Wendy J. Wildung, Esq., Faegre & Benson LLP**,** Carolyn Glass Anderson, Esq., Zimmerman Reed, PLLP, counsel for Defendants Gander Mountain Company; Mark R. Baker; Dennis M. Lindahl; Gerald A. Erickson; Donovan A. Erickson; Neal D. Erickson; Richard A. Erickson; Marjorie J. Pihl; and Ronald A. Erickson.

---

**Introduction**

Plaintiffs in the above-entitled matter have requested leave of this Court, pursuant to Local Rule 7.1(g), to file a motion for reconsideration of the Court's Memorandum Opinion and Order (the "Order") dismissing the Consolidated Class Action Complaint dated January 17, 2006. In their Complaint, Plaintiffs alleged securities fraud against Defendants in violation of sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act"), Rule 10b-5 promulgated thereunder, and sections 11 and 15 of the Securities Act of 1933 (the "Securities Act"). For the following reasons, Plaintiffs' request is denied.

**Discussion**

"Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances." D. Minn. L.R. 7.1(g). A motion to reconsider should not be employed to relitigate old issues, but to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. United States Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993). "A motion to alter or amend judgment cannot be used to raise arguments which could have been raised prior to the issuance of judgment." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988).

In their letter requesting leave, Plaintiffs first contend that the Court did not consider the relevant factual assertions of a new witness. At oral argument, Plaintiffs indicated that they identified a new witness, ("CS5"), the day before the hearing. Plaintiffs asserted that CS5 attended the senior executives' weekly and monthly planning meetings that CS1 described, including the meetings at which Defendants discussed Gander Mountain's strategy to boost comparable store sales by increasing inventory. (Tr. at 31–33, 39.) Plaintiffs contend that CS5 stated that the plan to increase inventory to comparable store sales was intended to make Gander Mountain "more attractive for investing." (Tr. at 39.) Additionally, Plaintiffs contend that CS5 also asserted that Baker, the CEO, stated that "he was going to concentrate on how effective [the strategy] would be and worry about being efficient later." (*Id.*)

The Court finds that these statements, even if true, do not alter the outcome of the case. Plaintiffs acknowledge that they primarily relied on the allegations of CS1. After proffering CS5, Plaintiffs stated, "[CS5] essentially corroborate[s] the information provided by one of the witnesses we

2

cite in the Complaint, CS1 upon whom much of our allegations rely." (Tr. at 31.) The Court agrees that CS5 corroborates CS1's allegation that senior executives held weekly and monthly planning meetings at which the strategy of increasing comparable stores' inventory was discussed and implemented. Assuming these allegations and CS5's additional quotations are true, the Court finds that they do not save the Complaint. Thus, the Court affirms its decision to deny Plaintiffs leave to amend the Complaint to add the allegations provided by CS5.

Next, Plaintiffs assert that the Court "brushed aside" CS4's assertions despite his alleged reliability and Defendant's knowledge of his identity. In the Order, the Court stated that it was unclear whether CS4's allegations were based on personal knowledge because Plaintiffs failed to disclose the dates of CS4's employment with Gander Mountain. (Order at 18 n.4.) However, the Court further indicated that regardless of whether CS4 was reliable, "CS4's vague claim does not support a strong inference of scienter." (*Id.*) The Court, therefore, addressed the merits of CS4's allegation and found that, even if true, the allegation did not support a strong inference of scienter. CS4's allegation that the volume of inventory was "steady" to both existing and new stores is vague. CS4's further allegation that he saw no significant difference in the volume of inventory shipped to any particular store is a neutral factor that does not bolster Plaintiffs allegations of falsity and scienter. Accordingly, there is no reason for the Court to grant Plaintiffs' request for leave to file a motion for reconsideration based on CS4's allegations.

Finally, Plaintiffs assert that the Court did not address Defendants' "innocence by hindsight" argument. Plaintiffs assert that Defendants' strategy to increase comparable stores' inventory represented a gamble "that the large-format stores would yield profits sufficient to offset declines in

earnings caused by the flooding strategy." (Plaintiffs' Letter Request.) Plaintiffs further allege that the strategy "was intended to get Defendants 'over the hump' of the IPO to finance long-term expansion, and was not pre-ordained to fail." (*Id.*) Defendants cite *Florida State Bd. Of Admin. V. Green Tree Fin. Corp.*, 270 F.3d 645, 661–62 (8th Cir. 2001), for the proposition that the Eighth Circuit has rejected the "innocence by hindsight" argument "that the ultimate failure of a fraudulent scheme to work out establishes a lack of scienter." (*Id.*)

In Green Tree, investors alleged that several motives prompted the defendants to spread misleading financial information through the market. *Id.* at 650. In particular, the investors alleged that it was in Green Tree's CEO's personal interest to maximize Green Tree's reported earnings because the CEO's compensation was tied to Green Tree's financial results. *Id.* The CEO's contract, which was set to expire December 31, 1996, awarded him 2.5% of Green Tree's pre-tax income. *Id.* Based on Green Tree's originally booked earnings for 1996, the CEO earned $102 million. *Id.* at 661. However, approximately one year later, Green Tree was compelled to revise its 1996 earnings retrospectively. *Id.*

The Eighth Circuit concluded that "the magnitude of [the CEO's] compensation package, together with the timing coincidence of an overstatement of earnings at just the right time to benefit [the CEO], provide[d] an unusual, heightened showing of motive to commit fraud." *Id.* The court rejected the defendant's assertion that the CEO's compensation was irrelevant because the CEO ended up returning a proportional amount of his 1996 compensation after the 1996 earnings were restated in January 1998. *Id.* The court explained that the CEO "could have acted recklessly to pile up earnings before his contract ran out, gambling that he would get away with it." *Id.* at 662. The Court further

stated that "[t]he ultimate profitability of a course of conduct is not conclusive of intent." *Id.*

The Court finds that the facts in the present case are distinguishable. Here, Plaintiffs have not identified any rational economic reason for Defendants to issue false projections. In this case there is no unusual, heightened motive to commit fraud. Unlike the CEO in Green Tree who sought to benefit from Green Tree's booked earnings from 1996, the alleged fraud in this case would not have conferred any economic benefit on the Defendants for the reasons stated in the Court's Order. Thus, the Court rejects Plaintiffs' argument.

Accordingly, the Court finds that Plaintiffs have not demonstrated compelling circumstances that warrant granting a request to file a motion for reconsideration. Therefore, Plaintiffs' request for leave to file such a motion is denied.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' request to file a motion for reconsideration (Doc. No. 59) is **DENIED**.


Dated: March 6, 2006               s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   Judge of United States District Court